```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**HOMEBUILDERS ASSOCIATION OF MISSISSIPPI, INC.;**
**HOMEBUILDERS ASSOCIATION OF JACKSON, INC.;**
**and R&S DEVELOPERS, LLC**                                              **PLAINTIFFS**

**VS.**                                  **CIVIL ACTION NO. 3:07-cv-716-WHB-LRA**

**CITY OF BRANDON, MISSISSIPPI**                                          **DEFENDANT**

## OPINION AND ORDER

This cause is before the Court on two motions in limine that have been filed by the parties. Having considered the motions, responses, attachments to the pleadings, as well as supporting and opposing authorities, the Court finds:

The Motion of Defendants to Strike and Objection to Evidence and Testimony is not well taken and should be denied.

The Motion of Plaintiffs in Limine Excluding Reference to <u>NAACP v. City of Kyle, Tex.</u>, should be granted in part, and denied in part.

## I.  Discussion

### A.  Motion of Defendants to Strike and Objection to Evidence and Testimony

Through their motion in limine, Defendants seek to exclude the testimony of Scott Shoemaker ("Shoemaker") at trial on the basis that he was not disclosed as a potential witness during discovery.

Under Rule 37(c) of the Federal Rules of Civil Procedure:

> (1) If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

FED. R. CIV. P. 37.

In response to the subject Motion in Limine, Plaintiffs have produced a copy of their September 15, 2008, supplemental discovery responses in which they identified Shoemaker as a potential witness in this case. See Resp. to Mot. to Strike [Docket No. 129], Ex. A. As the record shows that Shoemaker was timely identified as a potential witness in this case during discovery,[1] the Court finds that the Motion in Limine to strike his testimony should be denied.

**B. Plaintiffs' Motion in Limine Excluding Reference to <u>NAACP, et al. v. City of Kyle, Tex.</u>**

The record shows that on March 30, 2009, The Honorable Lee Yeakel, District Court Judge for the Western District of Texas, entered a finding of facts and conclusions of law in the case of

---

[1] The record shows that September 15, 2008, was the deadline for discovery in this case. See Docket No. 64.

2

NAACP, et al. v. City of Kyle, Tex., Cause No. A-05-CA-979-LY, slip op. (W.D. Tex. May 30, 2009). Plaintiffs have moved to exclude any reference to the City of Kyle Opinion at trial arguing: (1) it does not constitute binding precedent, (2) it is irrelevant, and (3) its introduction would create substantial confusion, bias, and/or prejudice.[2]

Courts that have considered the issue, have found that prior judicial opinions are properly excluded from evidence on the bases of hearsay and undue prejudice. As explained in Nipper v. Snipes, 7 F.3d 415 (4th Cir. 1993):

> We note at the outset that [the prior opinion], as used in the context of this case, is hearsay evidence, under FED. R. EVID. 801(c), which is not admissible unless it falls within one of the exceptions mentioned in the Federal Rules of Evidence ...
>
> ...
>
> Rule 803(8)(C), on its face, does not apply to judicial findings of fact; it applies to "factual findings resulting from an investigation made pursuant to authority granted by law." FED. R. EVID. 803(8)(C). A judge in a civil trial is not an investigator, rather a judge. In fact, a review of the advisory committee note to Rule 803 makes plain that the drafters intended this portion of the rule to relate to findings of agencies and offices of the executive branch. See Advisory Committee's Note, 56 F.R.D. 183, 311–313; see also Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 505 F. Supp. 1125, 1185 (E.D. Pa. 1980) ("[A] review of the advisory committee note makes it clear that judicial findings are not encompassed; not only is there not the remotest reference to judicial findings, but there is a specific focus on the findings of officials and agencies within

---

[2] Defendants have not yet responded to this Motion in Limine.

the executive branch."). There is not the slightest hint, from either the text of the rule or the advisory committee note, that the rule applies to judicial findings of fact.

We note that at common law a judgment from another case would not be admitted. 5 JOHN H. WIGMORE, WIGMORE ON EVIDENCE § 1671a; 1 MCCORMICK ON EVIDENCE § 298 (John W. Strong ed., 4th ed. 1992); 4 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S EVIDENCE ¶ 803(22)[01] (1993). We also note that when the drafters of the Federal Rules of Evidence wanted to allow the admission of judgments or their underlying facts, they did so expressly. See FED. R. EVID. 803(22) (previous conviction); FED. R. EVID. 803(23) (personal history, etc., boundaries). Therefore, we can find no basis on which to imply that Rule 803(8)(C) applies to judicial findings of fact.

Further, our decision comports with sound judicial policy. In circumstances similar to those in this case such evidence should be excluded under FED. R. EVID. 403. This is because judicial findings of fact "present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice." Zenith, 505 F. Supp. at 1186; cf. Greycas, Inc. v. Proud, 826 F.2d 1560, 1567 (7th Cir. 1987) ("A practical reason for denying [judgments] evidentiary effect is ... the difficulty of weighing a judgment, considered as evidence, against whatever contrary evidence a party to the current suit might want to present. The difficulty must be especially great for a jury, which is apt to give exaggerated weight to a judgment."), cert. denied, 484 U.S. 1043 (1988).

Nipper v. Snipes, 7 F.3d at 417-18 (alterations in original).

Based on the rationale applied in Nipper, the Court finds that the subject City of Kyle Opinion should not be admitted as evidence at trial, and that Defendants should be barred from referencing this Opinion in the presence of the jury. The Court additionally finds, however, that Defendants may cite this Opinion to the Court in any arguments made outside the presence of the jury or at

4

sidebar during trial, and may reference the Opinion in support of its proposed jury instructions as the citations provided by counsel are not published to the jury. See e.g. Blue Cross and Blue Shield of N.J., Inc. v. Philip Morris, Inc., 141 F. Supp. 2d 320, 325 (E.D.N.Y. 2001) (finding that "[w]hile a trial court should prevent outside judicial decisions from clouding jury findings, it may consider them itself in deciding whether an expert's proposed testimony is sufficiently reliable to permit it under Rule 702 of the Federal Rules of Evidence."). Accordingly, the Court will grant in part, and deny in part this Motion in Limine.

## II. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendants to Strike and Objection to Evidence and Testimony [Docket No. 125] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Plaintiffs in Limine Excluding Reference to NAACP et al. v. City of Kyle, Tex. [Docket No. 132] is hereby granted in part, and denied in part.

To the extent the Motion seeks to prevent the subject Opinion from being introduced into evidence, and seeks to prevent counsel for Defendant from referencing the subject Opinion in the presence of the jury, the Motion is granted.

To the extent the Motion seeks to prevent counsel for the Defendant from citing or referencing the subject Opinion to the Court during arguments made outside the presence of the jury or at side bar, and seeks to exclude the Opinion from being referenced in support of proposed jury instructions, the Motion is denied.

SO ORDERED this the 19th day of June, 2009.

                                      s/ William H. Barbour, Jr.
                                      UNITED STATES DISTRICT JUDGE